DAVIES TURNER & Co. *v.* UNITED STATES [1]

United States Customs Court, Third Division

(Decided August 8, 1938)

*Strauss & Hedges* (*Eugene F. Blauvelt* of counsel) for the plaintiffs.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Daniel G. McGrath,* special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges; EVANS, J., not participating

CLINE, Judge: In this suit against the United States the plaintiffs claim that the collector of customs at the port of New York erroneously assessed additional duty at the rate of 25 per centum ad valorem on the merchandise here involved under the provisions of section 489 of the Tariff Act of 1930. It is also claimed that the articles are free of duty under paragraph 1811.

An inspection of the entry papers shows that, with the exception of certain repairs, the imported goods, which are described on the entry as "Antique tapestry produced before 1830," were entered free of duty under paragraph 1811.

--------
[1] C. D. 28.

The testimony shows that the importation consisted of rugs, instead of tapestry, and that they were not produced prior to the year 1700. Rugs produced subsequently to the year 1700 are excluded from entry under paragraph 1811 and are therefore not free of duty thereunder. The pertinent parts of that paragraph read:

PAR. 1811. Works of art (except rugs and carpets made after the year 1700) * * * and objects of art of ornamental character or educational value which shall have been produced prior to the year 1830 * * *.

It is obvious that there is no merit in the plaintiffs' claim that the imported articles are free of duty under paragraph 1811 and there remains to consider the question of whether or not the additional duty at the rate of 25 per centum ad valorem under section 489 should have been assessed. The language of the provision assessing such duty reads:

SEC. 489. * * * If any article described in paragraph 1811 and imported for sale is rejected as unauthentic in respect to the antiquity claimed as a basis for free entry, there shall be imposed, collected, and paid on such article, unless exported under customs supervision, a duty of 25 per centum of the value of such article in addition to any other duty imposed by law upon such article.

It is claimed in the protest that the merchandise is not described in paragraph 1811 and therefore the assessment of the additional duty under section 489 was improper. That issue seems to have been settled by the appellate court in the case of *Hudson Forwarding & Shipping Co., John Wanamaker* v. *United States*, 22 C. C. P. A. 221, T. D. 47142, wherein the court held that unartistic wood flooring was not described in paragraph 1811 and therefore the additional duty under section 489 was improperly assessed, although the merchandise was entered under paragraph 1811. The court, in giving an illustration as to the meaning of the provision, stated that rugs produced subsequent to the year 1700 were *described* in paragraph 1811. The court said:

* * * Obviously, the Congress did not intend, by the use of the word "described," to mean *provided for*, because only such articles *described* in paragraph 1811, as were "produced prior to the year 1830," are *provided for* therein, so far as the issues here are concerned. An article may be described in a paragraph of a tariff act without being dutiable under that paragraph. As an illustration, paragraph 1811 provides for "Works of art (*except rugs and carpets made after the year 1700).*" [Italics ours.] Rugs and carpets made after the year 1700 are *described* in that paragraph, but they are not *provided for* therein. If the word "described," contained in section 489, was intended to mean *provided for* in paragraph 1811, the 25 per centum ad valorem duty could never be properly assessed, and, consequently, the involved provisions of section 489 would be inoperable. [Italics quoted.]

As the rugs here involved are described in paragraph 1811 and were rejected by the customs officers as "unauthentic in respect of the antiquity claimed as a basis for free entry," within the meaning of

that language in section 489, we hold that the additional duty of 25 per centum ad valorem was properly assessed by the collector. The protest is overruled on all grounds. Judgment will be entered in favor of the defendant.